UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| JARVIN O'NEAL NASH, | ) | No. ED CV 11-00828-MMM (VBK) |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | ) | |
| RAUL LOPEZ, | ) | |
| Respondent. | ) | |

On May 25, 2011, Jarvin O'Neal Nash (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody." Petitioner was convicted on October 15, 2004 in San Bernardino County Superior Court of attempted first degree residential burglary in violation of California Penal Code ("PC") §§664/459 and the trial court also found true that Petitioner had suffered two prior strike convictions. Petitioner was sentenced to 25 years to life in state prison. (See Petition at 2.)

Petitioner has raised the following claim in his Petition: "(1) Petitioner's rights as guaranteed by the Fifth Amendment of the United States Constitution were deprived by the States conviction of the actual innocent." (Attached Memorandum at 1.)

It appears from the face of the petition that it is directed to the same 2004 San Bernardino County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on February 5, 2008 in Case No. ED CV 08-00149-MMM (VBK).[1] On November 5, 2009, Judgment was entered in Case No. ED CV 08-00149 MMM (VBK) denying the petition on the merits and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. §2244(b) to read, in pertinent part, as follows:

> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[1] The Court takes judicial notice of its own files and records. See Mir v Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). On February 5, 2008, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," which was given Case No. ED CV 08-00149-MMM (VBK). In this Petition, Petitioner raised the following claim: "Petitioner's alternate trial counsel was ineffective by failing to file a motion for a new trial or an Anders-type brief."

(ii)  the facts underlying the claim, if proven and
            viewed in light of the evidence as a whole, would be
            sufficient to establish by clear and convincing evidence
            that, but for constitutional error, no reasonable factfinder
            would have found the applicant guilty of the underlying
            offense.
        (3)(A) <u>Before a second or successive application permitted
    by this section is filed in the district court, the applicant
    shall move in the appropriate court of appeals for an order
    authorizing the district court to consider the application</u>."
    (Emphasis Added.)

    The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petitions, within the meaning of 28 U.S.C. §2244(b).  Thus, it was incumbent on Petitioner under §2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court.  Petitioner's failure to do so deprives the Court of subject matter jurisdiction.
//
//
//
//
//
//
//
//
    For the foregoing reasons, **IT IS ORDERED** that this action be

summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 15, 2011

  /s/ Margaret M. Morrow
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

Presented on
June 14, 2011 by:


     /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE